IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-64-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MARK EARL LANE and CYNTHIA W. LANE, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants have failed to respond to plaintiff's motion. For the reasons discussed below, plaintiff's motion for summary judgment is granted.

## BACKGROUND

Plaintiff, the government, filed this action on February 9, 2016, on behalf of its agency, the Farm Service Agency (FSA), seeking judgment on defendants' default on three rescheduling loans. Defendants, through counsel, answered the complaint and the case proceeded through a period of discovery. The government filed its Rule 56 motion and statement of undisputed material facts pursuant to Local Civil Rule 56.1 on August 30, 2016. On September 14, 2016, defendants filed a list of trial witnesses and exhibits. No response to the instant motion was filed by defendants.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ.

P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

"Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993); *see also Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (in "ordinary civil action the failure of [a party] to file any counter-affidavit would warrant the entry of summary judgment."). Here, defendants have not responded to the government's motion and have not opposed its assertion that the facts presented in its Local Rule 56.1 statement are undisputed. Local Civ. R. 56.1(a)(1)-(2). Thus, accepting the government's proffer of uncontroverted facts, the Court must only determine whether the government has demonstrated that those facts entitle it to judgment as a matter of law.

The Court applies North Carolina contract law to the government's claim to recover for unpaid loan amounts under the FSA, a federal loan program. *United States v. Friend's Stockyard, Inc.*, 600 F.2d 9, 10 (4th Cir. 1979) (citing *United States v. Kimbell Foods, Inc.*, 440

U.S. 715 (1979)); *see also United States v. Bailey Feed Mill, Inc.*, 592 F. Supp. 844, 846 (E.D.N.C. 1984) ("It has long since been settled that actions to recover on federal loan programs are controlled by federal common law and that state law is adopted as the federal common law unless it is found to be discriminatory.").

The government contends that its claim that defendants are in default on three FSA loans is analyzed as a breach of contract claim, which under North Carolina law requires a showing of first the existence of a valid contract and second breach of the terms of the contract. *Poor v. Hill*, 138 N.C. App. 19, 26 (2000). A valid contract requires mutuality of agreement supported by adequate consideration. *Croom v. Goldsboro Lumber Co.*, 182 N.C. 217, 108 S.E. 735, 737 (1921); *Creech ex rel. Creech v. Melnik*, 147 N.C. App. 471, 477 (2001). Failure to comply with a duty assumed by a party to a contract constitutes breach, and "[n]on-performance of a valid contract is a breach thereof unless the person charged shows some valid reason which may excuse the non-performance . . .." *Sechrest v. Forest Furniture Co.*, 264 N.C. 216, 217 (1965) (internal alterations and citation omitted). The remedy for breach of contract is actual damages, "which are those that may reasonably be supposed to have been in the contemplation of the parties when the contract was made or which will compensate the injured party for the loss which fulfillment of the contract could have prevented or the breach of it has entailed." *Weyerhaeuser Co. v. Godwin Bldg. Supply Co.*, 292 N.C. 557, 560–61 (1977) (internal quotation and citation omitted).

The undisputed facts as proffered by the government are these. Defendants Mark and Cynthia Lane executed three rescheduling FSA promissory notes for loans of money, numbered 10, 11, and 12. [DE 11]; [DE 12 at 17-27]. Loan 10 was in the amount of $147,767.13 at the rate of 2.5% per annum; Loan 11 was in the amount of $105,566.44 at the rate of 2.5% per

3

Case 5:16-cv-00064-BO   Document 16   Filed 11/15/16   Page 3 of 4

annum; Loan 12 was in the amount of $63,339.86 at the rate of 2.5% per annum. *Id.* The first installment payment was due on each loan on June 1, 2011. [DE 12 at 10]. No payments were ever made by defendants on these loans. *Id.*; [DE 12 at 28]. On September 26, 2013, the government expended a total of $4,500 in protective advances to collect on the loans. *Id.*

There is no evidence in the record which would contradict the above stated material facts. There has been no suggestion or argument that valid contracts were not formed between the government and defendants in regard to Loans 10, 11, and 12 and that defendants did not materially breach the contracts by failing to make repayments as prescribed. The Court is unaware of any basis upon which to find that defendants did not breach their loan agreements and that judgment should not be entered against them for the amount of the unpaid loans and protective advances, plus interest at the rate of 2.5%. The Court would note that although defendants have filed their witness list and trial exhibit list, suggesting that they believe this matter should proceed to trial and judgment should not be entered as a matter of law, review of defendants' filing offers no basis upon which to deny the government's properly supported motion.

## CONCLUSION

For these reasons, plaintiff's motion for summary judgment [DE 9] is GRANTED. The clerk is DIRECTED to enter judgment against defendants in the amount of $361,584.38, with interest accruing at the daily rate, and to close the file.

SO ORDERED, this _15_ day of November, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4